**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-3212

_____

UNITED STATES OF AMERICA

v.

VONTEZ SCALES, a/k/a TEZ,
                                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cr-00576-005)
U.S. District Judge: Honorable Mark A. Kearney

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 13, 2022

Before: KRAUSE, BIBAS, and RENDELL, *Circuit Judges*

(Filed: November 7, 2022)

_____

OPINION[*]

_____

**BIBAS**, *Circuit Judge*.

Vontez Scales was convicted of two drug crimes: conspiracy to distribute methamphet-

amine and possession with intent to distribute heroin and fentanyl. *United States v. Scales*,

2021 WL 3854765, at *1, *3 (3d Cir. Aug. 30, 2021). On his first appeal, we affirmed his

_____

[*]  This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

conviction but remanded his case for resentencing under *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020) (en banc). On remand, the District Court found that Scales's two prior drug convictions made him a career offender under the Sentencing Guidelines. That meant that his Guidelines range was 262 to 327 months. The court gave him a small downward variance and sentenced him to 240 months.

Scales now appeals again, challenging his sentence in three ways. None succeeds. We review questions of law de novo and findings of fact for clear error. *United States v. Bell*, 947 F.3d 49, 54 (3d Cir. 2020).

*First*, Scales argues that the District Court should not have considered his prior drug convictions because the government had not accurately documented them. To be a career offender, Scales must have at least two prior felony convictions for controlled-substance offenses. U.S.S.G. §4B1.1(a). And the government has shown that he has twice been convicted of cocaine trafficking. So he seems to be a career offender.

But wait, says Scales. His signed plea agreement for one of those convictions mentions heroin and marijuana trafficking, not cocaine trafficking. True enough. Yet elsewhere in the plea agreement, he signed and initialed that he was pleading guilty to cocaine trafficking, just as the state-court judgment shows. In any event, a conviction for heroin and marijuana trafficking would still make him a career offender. *See* U.S.S.G. §4B1.2(b).

*Second*, Scales argues that his prior convictions cannot make him a career offender under *Nasir*. There, we held that inchoate crimes do not count toward career-offender status. *United States v. Nasir*, 17 F.4th 459, 469–72 (3d Cir. 2021) (en banc). Scales says that his

drug convictions were under a law that includes inchoate crimes. *See* 35 Pa. Stat. & Cons. Stat. § 780-113(a)(30). So under *Nasir*, he claims, his convictions cannot count.

But we recently foreclosed this argument. Earlier this year, we thoroughly examined § 780-113(a)(30) and its relationship to the Guidelines. *United States v. Dawson*, 32 F.4th 254, 258–67 (3d Cir. 2022). We found that this law does not criminalize any inchoate offenses. *Id.* at 260. So "even after *Nasir*, § 780-113(a)(30) remains a career offender predicate." *Id.* at 267. Though Scales asks us to reject *Dawson*, that precedent binds us.

*Finally*, Scales claims that he should not have been sentenced for his meth conviction. He points out that the government never seized any meth. Instead, it presented an intercepted photo of two baggies containing something that, according to a detective's testimony, looked like meth. Scales argues that meth cannot be identified by sight alone and that the government had to prove that the drug was "marketable and consumable." Appellant's Br. 19 (citing *United States v. Rodriguez*, 975 F.2d 999 (3d Cir. 1992)).

These arguments are foreclosed too. On Scales's first appeal, we held that the District Court had properly admitted this testimony. *Scales*, 2021 WL 3854765, at *5. And even without it, we observed, there was still plenty of evidence that Scales was part of a meth-trafficking conspiracy. *Id.* at *4. Plus, although Scales says that he is challenging his sentence, in fact he is attacking his conviction and should have raised these objections at trial and on his first appeal. He cannot wait until round two. *See Skretvedt v. E.I. DuPont de Nemours*, 372 F.3d 193, 202–03 (3d Cir. 2004). Lastly, the case that Scales relies on for his "marketable and consumable" argument was about how to define a "mixture" of drugs; it did not require marketable and consumable drugs for all drug convictions. *See Rodriguez*,

975 F.2d at 1004–08. And here, there was no evidence that any of the meth was fake or non-consumable.

In short, Scales's two prior drug felonies make him a career offender under the Guidelines. And his effort to challenge his meth conviction fails. So we will affirm.